**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Kareem Chandler, | ) | **Civil Action No. 2:20-2348-RMG** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Kinder Morgan Inc., | ) | |
| | ) | |
| Defendant. | ) | |

    Before the Court is the report and recommendation ("R & R") of the Magistrate Judge (Dkt. No. 8) recommending that Plaintiff's complaint be dismissed with prejudice for failure to prosecute. For the reasons set forth below, the Court dismisses Plaintiff's complaint *without prejudice*.

    Plaintiff Kareem Chandler, through counsel, brings this action for discrimination in violation of the Americans with Disabilities Act. Defendant removed this case to federal court on June 22, 2020. (Dkt. No. 1). On June 29, 2020, Defendant filed a motion to dismiss. (Dkt. No. 4). Plaintiff's response was due July 13, 2020. As described in detail in the R & R, when Plaintiff did not file a response in opposition to Defendant's motion, the Court attempted to contact Plaintiff's counsel, John William Parker, III, regarding his intent to prosecute this action. (Dkt. No. 8 at 1-2) (noting defense counsel provided the Magistrate Judge with an alternate email address for Mr. Parker and that while "[b]ased on this information, the Court again emailed the parties' counsel the morning of July 14, 2020, this time using the different email address for Mr. Parker," Mr. Parker failed to respond). On July 15, 2020 the Magistrate Judge

-1-

-2-

issued an R & R recommending Plaintiff's complaint be dismissed with prejudice for lack of prosecution. (Dkt. No. 8). Objections to the R & R were due July 29, 2020.

Though Plaintiff did not file objections to the R &R, and while dismissal is the appropriate remedy for Plaintiff's failure to prosecute, *see Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982), the Court finds the dismissal should be *without prejudice*, given the lack of a "drawn out history of [Plaintiff] deliberately proceeding in a dilatory fashion" or any indication that Plaintiff personally, as opposed to her counsel Mr. Parker, is responsible for the above failure to prosecute, *id.* at 920. *See Luna v. Gilford Cty., N.C.*, 326 F.R.D. 103, 105 (M.D.N.C. 2018) (dismissing action with prejudice under Rule 41(b) where, over the course of nearly a year, plaintiff failed to communicate with her counsel, comply with court orders to appear for hearings on her attorney's motion to withdraw, or attend her court-ordered deposition).

For the foregoing reasons, the Court **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>United States District Court Judge

July 30, 2020
Charleston, South Carolina